UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

                    Plaintiff,

         -against-

ENCYCLOPAEDIA IRANICA
FOUNDATION,

                    Defendant.

ENCYCLOPAEDIA IRANICA FOUNDATION,
INC.,

                    Plaintiff,

         -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK, ELTON DANIEL
AND BRILL USA, INC.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/11/2020

19 Civ. 7465 (AT) (KNF)

19 Civ. 8562 (AT) (KNF)

**ORDER**

ANALISA TORRES, District Judge:

These consolidated actions concern the ownership of, and trademark rights in, the

Encyclopaedia Iranica, "the quintessential compilation of scholarly works related to Iranian

civilization in the Middle East, the Caucasus, Central Asia, and the Indian Subcontinent."  Joint

Letter at 1, ECF No. 37.[1]  Encyclopaedia Iranica Foundation, Inc. ("EIF"), asserts, among other

causes of action, a conversion claim against The Trustees of Columbia University in the City of New

York ("Columbia") relating to books, artwork, documents, and other materials at Columbia's

Yarshater Center for Iranian Studies (the "Center"), and EIF's former offices leased from Columbia,

---

[1] The ECF cites refer to documents as numbered in *Encyclopaedia Iranica Foundation, Inc. v. Trustees of Columbia University in the City of New York, et. al.*, No. 19 Civ. 8562(S.D.N.Y.).

which EIF asserts that it owns.  *See* EIF Compl. ¶¶ 164–170, ECF No. 1; *see also* Columbia Obj. at 1,

ECF No. 68.  The Court referred general pretrial matters to the Honorable Kevin Nathaniel Fox.  ECF

No. 42.  Before the Court are Columbia's objections to Judge Fox's March 13, 2020 Order (the

"March 13 Order") holding that a "comprehensive" inventory of disputed materials must be complete

before EIF is required to file any further pleadings.  ECF No. 66; *see also* ECF No. 67.  For the

reasons stated below, Columbia's objections are OVERRULED.

## BACKGROUND

At the initial pretrial conference, held on October 17, 2019, EIF informed the Court that it

claimed ownership over certain materials, including books and artwork, in Columbia's possession.

*See* EIF Opp. at 2, ECF No. 69.  EIF explained that it needed access to these materials in order to

prepare a defense to Columbia's complaint and to amend its own pleadings.  *See id.*  The Court

ordered the parties to engage a third-party vendor to assist the parties in identifying and accessing

documents in Columbia's possession.  ECF No. 45 ¶ 14(b).

On November 7, 2019, the Court issued an order (the "Inventory Order") clarifying that "[t]he

third-party vendor shall create an inventory of *all* materials in Columbia's possession for which

ownership is disputed, including, but not limited to, documents, artwork, and books."  Inventory

Order at 1 (alterations omitted), ECF No. 49.  Upon completion, Columbia was to turn over any

materials that the parties agreed belonged to EIF, and any disputed materials were to remain in

Columbia's possession for the time being.  *Id.*  The Court also extended EIF's deadline to file an

amended complaint and to respond to Columbia's complaint until after the delivery of the completed

inventory.  *Id.* at 2.

On March 11, 2020, EIF wrote to Judge Fox indicating that the performed inventory was

incomplete.  ECF No. 63.  According to EIF, Columbia limited the third-party vendor's access to

books, documents, and artwork stored in the basement and certain apartments in the building where

EIF's former offices were located.  *Id.* at 2.  This meant that business records, artwork, and electronically stored materials on the computers used previously by EIF located in other apartments, were omitted from the inventory.  *See* EIF Opp. at 1, 8.  EIF requested that Judge Fox toll "all dates related to pleadings and discovery . . . until Columbia provides full access to the disputed materials and that the inventory be updated . . . to incorporate all materials called for by" the Inventory Order.  ECF No. 63 at 3.  On March 13, 2020, Judge Fox granted this request, holding that the Inventory Order "is clear and unambiguous" and requires that an inventory of "all" materials in Columbia's possession for which ownership is disputed be performed.  March 13 Order.

## DISCUSSION

I.      Standard of Review

Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside a magistrate judge's non-dispositive rulings that are clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).  A ruling is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the "definite and firm conviction that a mistake has been committed."  *AMBAC Fin. Servs., LLC v. Bay Area Toll Auth.*, 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010) (internal quotation marks and citation omitted).  A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."  *NIKE, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).  In this circuit, broad discretion is afforded to the decisions of magistrate judges and are overruled "only if that discretion is abused."  *DiPietro v. United States*, No. 10 Civ. 199, 2019 WL 1949860, at *2 (S.D.N.Y. Apr. 16, 2019) (internal quotation marks and citation omitted).

II.     Analysis

        a.  Columbia's Objections

Columbia argues that the March 13 Order (1) is contrary to law as it constitutes a mandatory

injunction, (2) is clearly erroneous as not based on facts before the Court, (3) is not a sensible

interpretation of the Inventory Order, and (4) requires discovery far broader than what is permitted

under either the Federal Rules of Civil Procedure or the Southern District of New York local rules.

Columbia Obj. at 8–14.  Moreover, Columbia argues that the Inventory Order limited the inventory to

books, artwork, and documents, located in the Center's basement.  *See id.* at  11.  These objections all

fail, however, because Judge Fox did nothing more than correctly interpret and enforce the Inventory

Order.

First, the March 13 Order is not contrary to law.  Although Columbia argues that the March

13 Order constitutes an injunction, the March 13 Order, as well as the Inventory Order, are akin to

motions to stay.  Both parties claim ownership of a number of materials, but only one party,

Columbia, has possession of those items.  The Inventory Order, therefore, tolled the pleading and

discovery schedule until a third-party vendor performed a complete and comprehensive inventory so

that EIF could use that information to answer Columbia's complaint and amend its own pleadings.

*See* Inventory Order at 1–2.  Columbia does not have to turn over any materials it believes belong to

it.  *See id.* at 1.  Such an order does not provide the declaratory or injunctive relief that EIF seeks in

its complaint, *see generally* EIF Compl., but merely calls for the creation of an inventory of materials,

where ownership is disputed, to assist the parties in preparing their pleadings.  It does not fail to apply

or misapply relevant statutes, case law or rules of procedure, and is therefore, not contrary to law.

*See Nike*, 349 F. Supp. 3d. at 346.  For these same reasons, the Court rejects Columbia's objection

that the March 13 Order would require inventory broader than what discovery rules would permit.

The March 13 Order is "not a discovery order but merely an effort to put both parties on a level

playing field at the pleading stage of the litigation."  EIF Opp. at 17.

Second, the March 13 Order is not clearly erroneous.  No "mistake has been committed."

*CapLOC, LLC v. McCord*, 2020 WL 1030965, at *2 (S.D.N.Y. Mar. 3, 2020) (quoting *Easley v.*

4

*Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted)).  The Inventory Order directed the parties to complete an inventory "of *all* materials in Columbia's possession for which ownership is disputed, *including, but not limited to*, documents, artwork, and books."  Inventory Order at 1 (emphasis added).  The plain language of the March 13 Order is consistent with the text and purpose of the Inventory Order, and is not clearly erroneous.

Accordingly, Columbia's objections to the March 13 Order are OVERRULED.

b.   Motions to Strike

Columbia filed a reply in support of its objections to the March 13 Order.  ECF No. 70.  In response, EIF argued that the reply was impermissible and sought to strike it.  ECF No. 71.  Columbia, in turn, argued that EIF's filing in response to the reply was impermissible and likewise sought to have it stricken.  ECF No. 72.  Because resolving Columbia's objections, did not require the Court to consider Columbia's reply, or, EIF and Columbia's subsequent letters, the parties' requests to strike are DENIED as moot.  *See Convolve, Inc. v. Compaq Computer Corp.*, No. 00 Civ. 5141, 2007 WL 415145, at *1 (S.D.N.Y. Feb. 7, 2007).

## CONCLUSION

For the reasons stated above, Columbia's objections to the March 13 Order are OVERRULED.  The parties are ORDERED to meet and confer to discuss a timeline for completing the inventory, considering any necessary precautions that may need to be taken in light of the COVID-19 pandemic.  By **June 22, 2020**, the parties shall file a status letter addressed to Judge Fox.

SO ORDERED.

Dated: June 11, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

5