UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: __7/31/2020__

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW
YORK,

                    Plaintiff,

        -against-                                    19 Civ. 7465 (AT) (KNF)

ENCYCLOPAEDIA IRANICA
FOUNDATION,

                    Defendant.

ENCYCLOPAEDIA IRANICA FOUNDATION,
INC.,

                    Plaintiff,

        -against-                                    19 Civ. 8562 (AT) (KNF)

THE TRUSTEES OF COLUMBIA                             **ORDER**
UNIVERSITY IN THE CITY OF NEW YORK,
ELTON DANIEL AND BRILL USA, INC.,

                    Defendants.

ANALISA TORRES, District Judge:

On July 24, 2020, Encyclopaedia Iranica Foundation, Inc. ("EIF") filed an application for a temporary restraining order ("TRO"), ECF No. 91,[1] seeking to enjoin the Trustees of Columbia University in the City of New York, Elton Daniel, and Brill USA ("Defendants"), from using "counterfeit imitation of EIF's trade name, domain name, and registered ENCYCLOPÆDIA IRANICA marks in connection with the advertising and sale of printed and online publications while this litigation is pending, ECF No. 91-1 at 1.  On July 31, 2020, at 4:00 p.m., the Court held a hearing on EIF's application for a TRO.

The "standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).  A party seeking a preliminary injunction related to a copyright or trademark infringement must demonstrate:

---

[1] The ECF cites refer to documents as numbered in *Encyclopaedia Iranica Foundation, Inc. v. Trustees of Columbia University in the City of New York, et. al.*, No. 19 Civ. 8562 (S.D.N.Y.).

(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation; (2) that he is likely to suffer irreparable injury in the absence of an injunction; (3) remedies at law, such as monetary damages, are inadequate to compensate for that injury; (4) the balance of hardships between the plaintiff and defendant tips in the plaintiff's favor; and (5) the public interest would not be disserved by the issuance of a preliminary injunction.

*NYP Holdings v. N.Y. Post Pub. Inc.*, 63 F. Supp. 3d 328, 334–35 (S.D.N.Y. 2014) (internal quotation marks, alteration, and citation omitted).

The Court is persuaded that EIF has demonstrated that there is a "sufficiently serious question going to the merits to make them a fair ground for litigation," that EIF is likely to suffer irreparable injury absent an injunction, remedies at law are inadequate to compensate EIF for such an injury, the balance of hardships tip in EIF's favor, and public interest is not disserved by issuing the TRO.

Accordingly, the TRO is GRANTED, to the extent that Defendants are enjoined from publishing fascicle 6 of Volume XVI of the Encyclopaedia Iranica set for publication on August 1, 2020, or any similar fascicle or volume, pending resolution of the motion for a preliminary injunction. *See* ECF No. 91-1 at 16.

It is ORDERED that this matter is set over for a hearing on the motion for a preliminary injunction, *see* ECF No 91, to be held on **August 14, 2020** at **9:30 a.m.**  The hearing shall proceed via Skype for Business.  The Court will provide videoconference access information directly to the parties.  The public may access audio of the hearing by dialing (888) 398-2342 or (215) 861-0674 and entering conference ID number 5598827.

It is further ORDERED that:

1. At the hearing, the parties should be prepared to present evidence in the form of live testimony. The parties shall identify witnesses they seek to call by August 5, 2020 at 12:00 p.m.  Each party shall have the opportunity to cross-examine any witness called by a party.  However, for any witness who has provided a declaration, the parties may rely on the witness's declarations in lieu of direct testimony.

2. The parties have already submitted documentary evidence in support of their positions. Any additional documentary evidence, in the form of affidavits, declarations, or otherwise, must be filed by **August 11, 2020**.

3. By **August 11, 2020**, the parties shall file to the docket a list of any exhibits they intend to offer.  The parties shall also submit each exhibit pre-marked (EIF to use numbers, Defendants to use letters).  For any exhibit as to which there is an objection, the objecting party shall briefly specify, next to the listing of that exhibit, the nature of the party's objection.  Where a party objects to an exhibit on any ground other than authenticity, the objection shall cite the Federal Rule of Evidence that is the basis for the objection.  Any objection not listed shall be deemed waived.

4.  The parties shall email their appearance information to
    Torres_NYSDChambers@nysd.uscourts.gov by **August 13, 2020**, at **12:00 p.m.**

5.  The hearing shall commence at **9:30 a.m.** on **August 14, 2020**.  Each side will have a
    maximum of three hours to examine witnesses.  The time a lawyer examines a witness,
    whether on direct or cross or any other examination, counts towards that party's time
    limit of two hours.

6.  As stated, the hearing will take place via Skype for Business videoconference.  A link to
    access the hearing will be provided directly to the parties.

    A.  To use the link, the parties may need to download software to use Skype's
        videoconferencing features.  Participants (including witnesses) are directed to test
        their videoconference setup in advance of the hearing—including their ability to
        access the link provided.

    B.  Users who do not have an Office 365 account may use the "Join as Guest" option.
        When you successfully access the link, you will be placed in a "virtual lobby"
        until the hearing begins.

    C.  Participants should also ensure that their webcam, microphone, and headset or
        speakers are all properly configured to work with Skype for Business.  For further
        instructions concerning Skype for Business and general guidelines for
        participation in video and teleconferencing, visit https://nysd.uscourts.gov/covid-
        19-coronavirus.

    D.  Users who wish to publish documentary evidence during the hearing must learn in
        advance how to operate the Skype file sharing and screen sharing functions.

    E.  If a participant intends to join the hearing from an Apple device, the participant
        should ensure that he or she is running a version of Skype for Business that was
        published on or after April 28, 2020.  Users running earlier versions have
        encountered an issue in which Skype for Business does not receive any inputs
        from the computer's microphone, and other participants cannot hear them.

    SO ORDERED.

Dated: July 31, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge

3