# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

August 14, 2020

**Marylee Jenkins**
Partner
212.484.3928 DIRECT
212.484.3990 FAX
marylee.jenkins@arentfox.com

VIA ECF AND E-MAIL

Honorable Analisa Torres
U.S. District Court for the Southern District of New York
500 Pearl St., Room 15D
New York, NY 10007-1312

Re:    *The Trustees of Columbia Univ. v. Encyclopaedia Iranica Found., Inc.*, No. 1:19-cv-07465;
       *Encyclopaedia Iranica Found., Inc. v. The Trustees of Columbia Univ.*, No. 1:19-cv-08562

Dear Judge Torres:

We represent the Encyclopaedia Iranica Foundation, Inc. ("EIF") in the above consolidated actions. We write in response to Columbia's August 7, 2020 letter (ECF No. 92), which requests the Court to reconsider once again the twice-affirmed Inventory Order (ECF No. 34).[1] EIF respectfully requests that the Court deny Columbia's requests and impose sanctions pursuant to 28 U.S.C. § 1927 since this is yet another attempt to litigate the ***thrice-ordered*** inventory. *See* ECF Nos. 34, 49, 56. EIF has wasted resources responding to Columbia's repeated challenges to the Inventory Order. This has to stop. Sanctions are necessary to deter Columbia's non-compliance and to satisfy expenses incurred because of Columbia's unreasonable and vexatious conduct.

I.    <u>Background</u>

Columbia claims that the Case Management Plan and Scheduling Order ("CMO") did not order an inventory, and that the parties instead agreed to this procedure. ECF No. 92 at 1. Again not true. Your Honor explained that "the Court ***ordered*** the parties to engage a third-party vendor . . . ***as stated in the Case Management Plan and Scheduling Order***." ECF No. 34 (emphases added) (Torres, J.). The goal was to put the parties on an "even playing field" because Columbia is unlawfully holding EIF's property.

Despite the fact that the CMO ordered an inventory, judicial intervention was still required because Columbia limited the scope of the inventory by denying access to many of EIF's materials in the spaces that EIF previously occupied and stored its property. On November 7, 2019, this Court "clarifie[d] its order" by requiring an inventory of "*all* materials in Columbia's possession for which ownership is disputed." *Id.* At that point, there could be no confusion about whether the inventory was a voluntary agreement or an order. Columbia's compliance is mandatory and such

---

[1] All ECF designations refer to the consolidated case: No. 1:19-cv-07465 (AT) (KF).

disobedience is sanctionable.

Despite the clarification, Columbia disobeyed the Inventory Order by limiting the scope of the inventory to less than all of EIF's materials held in EIF's former offices. *See* ECF No. 46. After a partial inventory was completed in early March, Columbia challenged the Inventory Order months after issuance and after the parties expended significant resources to get an incomplete inventory. Judge Fox ruled that your "November 7, 2019 order is clear and unambiguous," and that "a comprehensive inventory has not been performed," and compelled Columbia "to satisfy the November 7, 2019 order." ECF No. 49.

Despite never seeking timely reconsideration of the Inventory Order, Columbia sought substantive review of the Inventory Order by objecting to Judge Fox's Order, which merely compelled compliance with the Inventory Order. ECF No. 51. Your Honor overruled Columbia's objection, confirming that the Inventory Order covered *all* disputed materials—not just items "located in the Center's basement." ECF No. 56 at 4. The parties were ordered "to discuss a timeline for completing the inventory, considering any necessary precautions . . . in light of the COVID-19 pandemic" with a status report due to Judge Fox 11 days later. *Id.* at 5.

During the meet-and-confer call, Columbia offered no timeline for the completion of the inventory and no precautions that would allow for the inventory. EIF was forced yet again to seek judicial intervention to enforce the Inventory Order. This time, Columbia, with new counsel, challenged the Inventory Order by arguing that Columbia's "consent was a necessary prerequisite to the Court's authority to order such an unorthodox and intrusive procedure." ECF No. 68 at 1. And because "Columbia is withdrawing its consent," the Inventory Order now somehow disappears. *Id.* Columbia also argued that the COVID-19 pandemic makes it impossible to conduct the inventory.

After considering the arguments and a health and safety affidavit from Columbia, Judge Fox concluded that the existing Columbia "protocol seems to govern" the inventory procedure, and endorsed EIF's additional "proposal [a]s reasonable." ECF No. 73 at 2. Rejecting Columbia's complaints about undue burden, Judge Fox noted that "some modification(s) to the existing Vendor Clearance to Visit Campus protocol . . . might have to be made; however, ***that should not be an onerous task***." *Id.* (emphasis added). He concluded by ordering the parties to advise Columbia's safety officer "of the date and time when the inventory vendor will resume the inventory." *Id.* at 2–3. Judge Fox declined to consider Columbia's fourth challenge to the inventory that was "repeatedly ordered" by Judge Torres. ECF No. 74.

Unfortunately, in a recent follow-up call between the parties, Columbia declined to offer any timeline, plan, or next actions for resuming the inventory. Undeterred by this Court's repeated orders to complete the inventory, Columbia again challenges the Inventory Order. ECF No. 92.

### II. No Good Cause Exists To Modify The CMO.

Columbia alleges that under Rule 16, "good cause" exists to modify the CMO to remove Paragraph 14(b).[2] Columbia offers three justifications: (1) the COVID-19 pandemic is an "unforeseeable event[]" that presents "significant health risks and practical difficulties posed by in-person activities conducted in closed spaces;" (2) the Inventory Order has caused such delay, expense, and dispute that Columbia now withdraws its alleged consent; and (3) the CMO should be modified to eliminate the inventory to accelerate this litigation. None of these justifications constitute "good cause" to modify the CMO and remove the ***thrice-affirmed*** Inventory Order necessary to "put both parties on a level playing field." ECF No. 56 at 4.

#### A. The Inventory Can Be Safely Completed Despite The COVID-19 Pandemic.

Columbia's COVID-19 concerns have been noted. This Court considered them when ruling on Columbia's objection to Judge Fox's order months ago. *See* ECF Nos. 51, 53, 56 (discussing Columbia's pandemic concerns). Instead of cancelling the inventory or delaying it until after the end of the pandemic, this Court ordered the parties to consider "any necessary precautions . . . in light of the COVID-19 pandemic," and move forward. ECF No. 56 at 5. As noted above, Judge Fox agreed and provided guidance on necessary precautions. *See* ECF No. 73.

The exhibits that Columbia is offering at the preliminary injunction hearing (received by EIF for the first time this week), indicate that Defendants have already reviewed EIF's documents and have removed or copied them for use at the upcoming hearing. It is unclear whether this happened before the pandemic or during the pandemic, but the access is one-sided. EIF is unable to get potentially helpful records in support of its own motion for preliminary injunction, while Defendants can freely and easily cherry-pick EIF's records.

Columbia's access undercuts the alleged "significant health risks and practical difficulties posed by in-person activities conducted in closed spaces." ECF No. 92 at 4. Columbia cites *Joffe v. King & Spalding LLP*, 2020 WL 3453452 (S.D.N.Y. June 24, 2020) as support for its concerns.

In *Joffe*, the court rejected a *pro se* plaintiff's demand for interstate travel to attend in-person depositions during the pandemic. Columbia's concerns and the *Joffe* decision are inapposite to the situation here. First, *Joffe* focused on ***how*** to conduct a deposition, not on ***whether*** it would happen. *Joffe* at *1. Here, the inventory was ordered multiple times ***after*** the onset of the COVID-19 pandemic. *E.g.*, ECF No. 56 at 5. Second, EIF's former offices are currently unoccupied and EIF has proposed a protocol that minimizes the need for "in-person activities conducted in closed

---

[2] Columbia's effort to modify the CMO is a transparent effort to recast its prior challenges of the Inventory Order as something new. It is not. This is the exact same challenge to the "repeatedly ordered" Inventory Order. ECF No. 74.

**Arent Fox**

Hon. Judge Torres
August 14, 2020
Page 4

spaces." Specifically, EIF has proposed: (1) remote observation of the inventory by video; (2) limiting FTI to one person in a room at a time; (3) separate entrances and exits for FTI personnel; and (4) the building's on-site superintendent opening and locking the offices each day.[3] These proposals address all reasonable health concerns, expend no third-party resources (a major factor in *Joffe*), and will not interfere with Columbia's COVID-19 response.

Finally, Columbia's concerns about the inventory being "prolonged" are overblown. FTI's partial inventory took just three days, and included photographing the shelving of 12,000 books and inventorying materials in five basement rooms. While it may take more time with fewer people, that is reasonable to comply with current COVID-19 safety precautions.

### B. This Court Does Not Need Columbia's Consent To Enforce The Inventory Order.

Columbia next asserts that good cause exists because the inventory was premised on the parties' agreement, which Columbia has only now withdrawn. This is baseless. The inventory was ordered by this Court (ECF No. 34), affirmed by Judge Fox (ECF No. 49), and re-affirmed (ECF No. 56). This Court does not need Columbia's "consent" to issue or enforce its orders.

### C. Resetting The CMO Deadlines Will Not Accelerate This Litigation.

Finally, Columbia's proposal to skip the inventory and press forward with discovery and pleadings ignores the fact that Columbia has misappropriated EIF's own records, which it needs to prepare its claims and defenses. This behavior should not be rewarded. EIF should not be forced to take discovery to recover its own documents. If Columbia had permitted a full inventory months ago, we would not be here today. If the inventory cannot proceed due to health concerns, neither can discovery. If an inventory is unsafe, collection and production of documents will be no safer. The Court has already ruled on the timing of this case and Columbia has no basis to revisit it.

### III.   Columbia's Conduct Has Unreasonably Delayed This Proceedings.

"[T]he Inventory Order 'is clear and unambiguous' . . . ." ECF No. 56 at 3. For months, this Court has heard and rejected Columbia's challenges. The result is delay and expense while EIF responds over and over again to these objections. Columbia has again defied this Court's orders. EIF has no choice but to respectfully request sanctions pursuant to 28 U.S.C. § 1927 for unreasonable and vexatious multiplying of proceedings about the Inventory Order. Columbia must comply with the Inventory Order and reimburse EIF for the expenses incurred to achieve this compliance.

---

[3] Judge Fox found that this proposal was "reasonable" and "may facilitate the safe, expeditious and efficient inventory directed by the assigned district judge to be undertaken." ECF No. 73.

**Arent Fox**

Hon. Judge Torres
August 14, 2020
Page 5

Respectfully submitted,

*/s/*Marylee Jenkins
Marylee Jenkins

CC: All counsel of record (via ECF)