# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

September 22, 2020

VIA ECF AND EMAIL

Hon. Analisa Torres
District Court Judge
United State District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

**Marylee Jenkins**
Partner
212.484.3928 DIRECT
212.484.3990 FAX
marylee.jenkins@arentfox.com

Re: *Trustees of Columbia Univ. of the City of N.Y. v. Encyclopaedia Iranica Found., Inc.*, No. 19-cv-07465; *Encyclopaedia Iranica Found., Inc. v. Trustees of Columbia Univ. of the City of N.Y.*, No. 19-cv-08562

Dear Judge Torres:

We represent Encyclopaedia Iranica Foundation, Inc. ("EIF") in the above-referenced consolidated litigation. In accordance with § III(A)(i) of Your Honor's Individual Rules, we respectfully submit this letter in advance of EIF's anticipated Motion to Strike, or in the alternative, Motion to Consider Additional Evidence to Support its Post-Hearing Opposition Brief. EIF brings this in response to Defendants' new declaration (ECF No. 123, "Daniel Decl."), and 3 new exhibits (as well as new arguments), which were filed in violation of: (1) orders given at the end of the preliminary injunction hearing; (2) the order regarding post-hearing briefs (ECF No. 112); and (3) Your Honor's Individual Rules of Practice. This Court made it clear (in three different ways) that when filing post-hearing briefs, the parties could rely only on the evidence in the record. The eight pages of new evidence filed by Defendants are improper.

Accordingly, EIF respectfully requests that this Court strike Defendants' untimely declaration, accompanying exhibits, and portions of Defendants' brief that are supported by and reference these documents.

In the alternative, EIF asks for permission to file its own new declaration and exhibits in support of its own post-hearing opposition brief.

## I. Brief Background

This Court granted EIF's motion for a temporary restraining order and set a hearing on EIF's preliminary injunction motion. ECF No. 89. Before the evidentiary hearing, this Court laid out the ground rules: "Any additional documentary evidence . . . must be filed by August 11, 2020," and

**Arent Fox**

"[b]y August 11, 2020, the parties shall file to the docket a list of any exhibits they intend to offer." *Id.* at ¶¶ 2–3. During the two-day hearing, the parties examined witnesses and offered exhibits into evidence. ECF No. 112. At the end of the hearing, Your Honor ordered the parties to submit post-hearing briefing. *Id.* The parties filed post-hearing briefs on September 3, 2020 (ECF Nos. 117, 118), and opposition briefs on September 17, 2020 (ECF Nos. 122, 124). But in their opposition brief, Defendants cited to and submitted a brand new Daniel Decl., and three new exhibits. ECF No. 123.

## II.     Defendants' new declaration and new exhibits violate this Court's Orders

Defendants' post-hearing submissions introduce new arguments and new evidence not offered during the preliminary injunction hearing that should be stricken. Based on this Court's orders, the parties were limited to the record developed during the preliminary injunction hearing. Undeterred, Defendants filed the Daniel Decl., with new statements, new (unadmitted) exhibits, and new arguments in their post-hearing opposition brief that could have been presented during the hearing. This Court's orders bar Defendants' actions.

At the end of the hearing, Your Honor stated that "[t]he briefs will contain a fact section. In the fact section, for every fact, ***you will cite the transcript and any relevant exhibit***. What I will not accept is a fact section that has none of those citations." ECF No. 114 (Tr. 302:23-303:1) (emphasis added); *see also id.* at 304:5–9 (setting 30-page limit for briefs). This Court memorialized the requirements in a post-hearing order: "each party is directed to submit a brief which, at minimum, contains: 1. ***A statement of facts citing (a) the hearing transcript, with page and line numbers corresponding to each asserted fact, or (b) exhibits, with page numbers corresponding to each asserted fact***." ECF No. 112 (emphasis added). *See also* Judge Torres Individual Rules of Practice § (III)(D).

Nowhere does this Court permit parties to cite to new exhibits or introduce new testimony in a post-hearing declaration. As noted by Defendants, this "Court has the discretion to consider [new materials], even though they were not admitted into evidence during the hearing." ECF No. 122 at 8 n.3. But here, this Court already exercised discretion to limit the record and the number of pages.

Defendants' citation to *Sills Rd. Realty LLC v. Town of Brookhaven*, No. 07-cv-4584, 2008 WL 11449282 (E.D.N.Y. July 10, 2008), is inapposite. There, both parties agreed to accept a new post-hearing Addendum A, "which consists of [an agency decision] rendered subsequent to the preliminary injunction hearing in this action." *Id.* at *1. The issue was whether the court should also accept Addendum B, which "consists of two filings by plaintiff" also dated after the hearing and filed in response to the agency decision. *Id.* The defendant objected because Addendum B was "outside the record" and "consists of nothing more than hearsay." *Id.* The court allowed the new evidence (which did not exist during the hearing) because other new evidence (Addendum A) was not objected to and the plaintiff was not offering it "for the truth of the matter asserted." *Id.* Here,

**Arent Fox**

Hon. Analisa Torres
EIF Pre-Motion Letter
Page 3

by contrast, EIF has not consented to any new evidence, Dr. Daniel's testimony and exhibits could have been offered during the hearing, and the new evidence is offered for the truth of the matter.

Rather it is well settled that courts are "prevented from knowing [new evidence] . . . after parties have had a full and fair opportunity to prepare their case," and have "refuse[d] to permit [parties] to drag out litigation by bringing in new evidence which with due diligence they ought to have discovered before the [H]earing." *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 425 (1923); *see also Bowers v. City of Philadelphia*, No. 06-cv-3229, 2007 WL 172373, at *3 (E.D. Pa. Jan. 18, 2007) (striking a new exhibit attached to defendants' post-hearing memorandum, as well as any references to the exhibit).

Similarly, Defendants' new material and any arguments and references to the new material in Defendants' post-hearing opposition brief should be stricken.[1]

### III.    In the alternative, EIF should be permitted to submit its own declaration and exhibits

EIF followed the Court's rules. Its post-hearing submissions followed this Court's directives. If this Court allows the Daniel Decl., and new exhibits, EIF respectfully requests that it be permitted to level the playing field with new declaration and exhibits showing, for example, that EIF funded the salaries of Columbia employees working on the *Encyclopaedia Iranica*, including Dr. Daniel. Allowing just one side to introduce new evidence, when this Court's orders denied new submissions, will unfairly prejudice EIF.

EIF appreciates this Court's efforts in deciding the Preliminary Injunction Motion. EIF respectfully requests that this Court permit EIF to file its proposed Motion to Strike, or in the alternative, its Motion to Consider Additional Evidence to Support its Post-Hearing Opposition Brief.

We thank the Court for its consideration of this submission.

Respectfully submitted,


*/Marylee Jenkins/*
Marylee Jenkins

---

[1] References to the new evidence are found on pages 7–8 of Defendants' post-hearing opposition brief (ECF No. 122).