

**Andrew W. Schilling**
Partner
1133 Avenue of the Americas
Suite 3100
New York, NY  10036
T (212) 600-2330
aschilling@buckleyfirm.com

September 25, 2020

**By ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *The Trustees of Columbia University in the City of New York v. Encyclopaedia Iranica Foundation*, No. 19 Civ. 7465 (AT)(KNT);
*Encyclopaedia Iranica Foundation v. The Trustees of Columbia University in the City of New York, et al.,* No. 19 Civ. 8562 (AT)(KNF)

Dear Judge Torres:

    We respectfully submit this letter on behalf of Columbia University and Dr. Daniel in response to EIF's September 22, 2020 letter.  In that letter, EIF requests that the Court decline to consider the September 17, 2020 Supplemental Declaration of Elton Daniel and the attached exhibits, which were submitted with Columbia's post-hearing response brief.  Because EIF would not be prejudiced by the Court's consideration of these documents, and because EIF itself has submitted additional evidence in connection with its post-hearing opposition brief, we respectfully request that the Court overrule EIF's objection and deny its request.

    The three exhibits that Columbia submitted with its latest brief were submitted specifically to rebut the argument made in EIF's post-hearing brief that Professor Yarshater's work on the *Encyclopaedia* as a Professor Emeritus (a position he held from 1990 until his death) was somehow outside the scope of his employment.  (ECF No. 118 at 20).  These documents confirm that, in fact, Professor Yarshater's position as Professor Emeritus was not merely an honorific title awarded to an inactive retiree, as EIF has suggested, but rather a position sought by Professor Yarshater and approved by the University ***for the specific purpose*** of allowing Professor Yarshater to continue working on the *Encyclopedia* and securing grants ***in his capacity as a Columbia appointee and on behalf of the University***.  EIF cannot claim any prejudice from the Court's consideration of these documents because other hearing evidence, which EIF had the opportunity to contest at the hearing (but did not) also showed that Professor Yarshater continued to work on the *Encyclopaedia* in his capacity as a Professor Emeritus after 1990.  (*See e.g*. Ex. VV at 3).

WASHINGTON, DC   LOS ANGELES   SAN FRANCISCO   NEW YORK   CHICAGO   LONDON

Honorable Analisa Torres
September 25, 2020
Page 2

      Moreover, EIF is hardly in a position to complain about evidence submitted for the first time in post-trial submissions, as EIF has done exactly that itself.  Specifically, EIF's post-hearing brief contained a page-long table with hyperlinks to purportedly archived versions of some 31 articles published in Fascicles 4 and 5 of Volume 16 of the *Encyclopaedia.*  (ECF No. 124 at 12-13).  Neither the versions of the articles appearing in Fascicles 4 and 5 nor the online versions linked to by EIF—some of which were accessed using the Internet Archive—were provided to the Court or authenticated at the hearing.  EIF has therefore waived any objection to Columbia's submission of additional evidence after the hearing by doing the same thing itself.  The Court should therefore exclude the evidence offered by both sides or neither.

      EIF alternatively argues that, if the Court considers Columbia's exhibits, then it should be permitted to submit additional evidence "showing, for example, that EIF funded the salaries of Columbia employees working on the *Encyclopaedia Iranica*."  (ECF No. 125 at 3).  EIF's proposed remedy would hardly "level the playing field," as it suggests, because the evidence it proposes to offer has nothing whatsoever to do with Professor Yarshater's appointment as Professor Emeritus.  Notably, EIF also does not claim to possess any evidence that would dispute or contradict this evidence with regard to Professor Yarshater's emeritus status.  Accordingly, EIF's objection is designed solely to prevent the Court from considering relevant evidence that is not disputed, which hardly advances the purpose of the hearing, which was to establish the facts.  Also, EIF's argument that its donations to Columbia were used in part to pay the salaries of Center employees was already explored at length during the hearing.

      The Court has the discretion to consider the documents offered by Columbia on Professor Yarshater's emeritus status, even though they were submitted after the hearing.  "[I]t is well-established that the strict rules of evidence do not apply to a hearing on a motion for a preliminary injunction."  *Gov't Employees Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 455 (E.D.N.Y. 2020) (internal citations and quotations omitted).  *See Sills Rd. Realty LLC v. Town of Brookhaven*, No. 07 Civ. 4584 (TCP)(ETB), 2008 WL 11449282, at *1-2 (E.D.N.Y. July 10, 2008) (denying motion to strike portions of post-hearing findings of fact and conclusions of law that included evidence that was "outside the record of the preliminary injunction hearing").  Accordingly, we respectfully request that EIF's objection be overruled and its request to submit additional evidence be denied.

      We thank the Court for its consideration of this submission

                                             Respectfully submitted,

                                             */s/ Andrew W. Schilling*

cc:      Counsel of record (via ECF)