# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington, DC

September 25, 2020

**Marylee Jenkins**
Partner
212.484.3928 DIRECT
212.484.3990 FAX
marylee.jenkins@arentfox.com

VIA ECF AND EMAIL

Hon. Analisa Torres
District Court Judge
United State District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Trustees of Columbia Univ. of the City of N.Y. v. Encyclopaedia Iranica Found., Inc.*, No. 19-cv-07465; *Encyclopaedia Iranica Found., Inc. v. Trustees of Columbia Univ. of the City of N.Y.*, No. 19-cv-08562

Dear Judge Torres:

We represent EIF in the above-referenced consolidated litigation. EIF respectfully requests leave to present this short reply to the letter filed by Defendants (ECF No. 126) to correct the record.

Defendants argue that their new declaration and exhibits should be considered (despite being tardy and violating this Court's orders) because they "were submitted specifically to rebut the argument made in EIF's post-hearing brief that Professor Yarshater's work on the *Encyclopaedia* as a Professor Emeritus (a position he held from 1990 until his death) was somehow outside the scope of his employment." *Id.* at 1. In other words, Defendants couldn't have presented the evidence sooner. Not true. EIF has consistently argued that Dr. Yarshater's work on the *Encyclopaedia* was outside the scope of his employment—even before the evidentiary hearing and post-hearing briefs:

- TRO Reply: "The *Encyclopædia* was **not created within the scope of his employment** at Columbia nor did Columbia pay him a salary for such work." ECF No. 84 at 3 (citation and footnote omitted; emphasis added).

- TRO Hearing: "[T]he work he did on the Encyclopaedia was **entirely outside the scope of his employment**. . . . [Dr. Yarshater was] **working outside the scope of his employment**." ECF No. 104 at 33:19–34:14 (emphasis added).

- TRO Hearing: "There's **no allegation from Columbia that he did this work as an employee working within the scope of his employment**. He did it separate and apart, just like most professors do." *Id.* at 36:5–14 (emphasis added).

**Arent Fox**

Defendants were on notice of this argument long before the deadline to submit hearing exhibits and chose not to rebut it. They should not be allowed to ambush EIF with an order-violating addition of new evidence with no opportunity to cross-examine.

Regarding hyperlinks, both sides put hyperlinks in their post hearing briefs with no complaints.[1] This is a red herring. Also, Defendants' plagiarism is clear and not subject to dispute.

Regarding EIF's alternative request to submit new evidence, Defendants are right—proof that EIF funded the salaries of Columbia employees is unrelated to Defendants' new evidence. But EIF played by the rules and held back new evidence because of the Court's clear orders. If Defendants get to introduce new evidence that they could have offered at the hearing, then EIF (in all fairness) has the same right. The rules apply to and should be followed by both sides equally.

We thank the Court for its consideration of this submission.

Respectfully submitted,

*/Marylee Jenkins/*
Marylee Jenkins

---

[1] Columbia's two post-hearing briefs included new hyperlinks. *See, e.g.*, ECF No. 117 at 13; ECF No. 122 at 2 n.1.