**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> ENCYCLOPAEDIA IRANICA FOUNDATION, <br><br> Defendant. | 19 Civ. 7465 (AT)(KNF) |
| ENCYCLOPAEDIA IRANICA FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, ELTON DANIEL, BRILL USA, INC. AND KONINKLIJKE BRILL N.V., <br><br> Defendants. | 19 Civ. 8562 (AT)(KNF) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**[1]

Upon stipulation of the parties to the above-captioned action for an order pursuant to

Federal Rule of Civil Procedure 26(c) limiting the review, copying, dissemination, and filing of

confidential documents and information produced in this action, the parties agree to the following:

**DEFINITIONS**

1.      The term "Confidential Information" will mean and include information contained

or disclosed in any materials, including documents, portions of documents, answers to

---

[1] This Stipulated Protective Order supersedes the Stipulated Protective Order previously entered in these cases (Dkt. No. 111 in Case No. 19 Civ. 7465 and Dkt. No. 128 in Case No. 19 Civ. 8562).

interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be Confidential Information by any party to which it belongs. "Confidential Information" also includes any documents, testimony, or information designed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the provisions of this Stipulated Protective Order.

2.      The term "materials" will include, but is not limited to:  documents; electronically stored information; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; contracts; invoices; drafts; books of account; worksheets; notes of conversations; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models; prototypes; and other physical objects.

3.      The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, other support staff employed in the law firms of outside counsel of record, and other outside attorneys working with outside counsel of record in connection with this litigation.  "Counsel" also includes in-house attorneys and paralegals for the parties.

**GENERAL RULES**

4.      Designation of Confidential Information:   Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may

designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on every page that contains Confidential Information. If the material being produced consists of physical materials, electronic information, or other material that is not subdivided into pages, the producing party shall inform the receiving party of the appropriate designation in writing and make a good-faith effort to ensure that the material is labeled in some fashion.

a. Designation as "CONFIDENTIAL": Any party may designate materials and/or information as "CONFIDENTIAL" only if, in the good-faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or in order to protect sensitive personal information of individuals identified in materials and/or information.

b. Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including, but not limited to, trade secret or other confidential research, development, financial or other commercial information; confidential information relating to the actual or contemplated drafting, editing, or publication of articles, fascicles or volumes for the *Encyclopaedia Iranica* after April 1, 2019; documents identifying potential or actual donors who provided donations on or after June 30, 2017; or personally identifying and sensitive information of an individual.

5. Producing Materials for Inspection: In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be

considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Protective Order, except for documents relating to the actual or contemplated drafting, editing, or publication of articles, fascicles or volumes for the *Encyclopaedia Iranica* after April 1, 2019 or documents identifying potential or actual donors who provided donations on or after June 30, 2017, which will be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and must be treated as such pursuant to the terms of this Protective Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.  If the producing party elects to produce materials rather than permit an inspection, the producing party must mark the copies of any materials it is producing that contain Confidential Information with the appropriate confidentiality marking prior to producing those materials.

6.      Depositions:  Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.  The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

b.  The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other

4

than the deponent, counsel (including their staff and associates), the court reporter, videographer, and the person(s) agreed upon pursuant to paragraph 8 below for Confidential Information designated "CONFIDENTIAL" and paragraph 9 below for Confidential Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

        7.    <u>Disclosure and Use of Confidential Information</u>:  All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

        8.    <u>Disclosure of Material Designated "CONFIDENTIAL"</u>:  Information designated "CONFIDENTIAL" may be disclosed only to:

        a.    Counsel for the parties (as defined in Paragraph 3);

        b.    The parties, including any director, officer, or employee of any party;

        c.    Independent experts and consultants who are providing advice in connection with this action, provided that they have executed the Agreement to Be Bound by Protective Order;

        d.    Any witness who counsel for a party in good faith believes may be called to testify at a trial or deposition in this action, provided that they have executed the Agreement to Be Bound

by Protective Order.  If such a witness refuses to execute the Agreement to Be Bound By Protective Order, on the record at the commencement of the deposition that person shall be advised of the terms of this Protective Order and that the deposition is being taken subject to the Protective Order;

   e. Professional vendors to whom disclosure is reasonably necessary for this litigation, including e-discovery vendors, provided that they have executed the Agreement to Be Bound by Protective Order;

   f. Court reporters and stenographers engaged to transcribe depositions the parties conduct in this action and their staff;

   g. The Court and any other trier of fact in this action, and their personnel;

   h. Stenographic and clerical employees associated with the individuals identified above; and

   i. Such other persons as may be designated by written agreement of the parties or by court order.

   9. <u>Disclosure of Material Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>:   Information designated "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed only to:

   a. Counsel for the parties (as defined in Paragraph 3);

   b. Independent experts and consultants who are providing advice in connection with this action, provided that they have executed the Agreement to Be Bound by Protective Order;

   c. Professional vendors to whom disclosure is reasonably necessary for this litigation, including e-discovery vendors, provided that they have executed the Agreement to Be Bound by Protective Order;

d.  Court reporters and stenographers engaged to transcribe depositions the parties conduct in this action and their staff;

e.  The Court and any other trier of fact in this action, and their personnel;

f.  Stenographic and clerical employees associated with the individuals identified above; and

g.  Such other persons as may be designated by written agreement of the parties or by court order, provided that they have executed the Agreement to Be Bound by Protective Order.

10.  <u>Disclosure to Authors and Recipients</u>:  With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same, including during a deposition, hearing, or trial, or preparation for the same.

11.  <u>Storage of Confidential Information</u>:  All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that vendors and independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

12.  <u>Executed Agreements to Be Bound by Protective Order</u>:  The counsel of record who has secured any executed Agreement to Be Bound by Protective Order, attached hereto as Exhibit A, from any individual or entity shall maintain it in his or her files until the conclusion of this action, including any appeals.

13.     <u>Filing Confidential Information</u>:  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information.  A party seeking to file a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" under seal, or in redacted form, must comply with Section IV.A of the Court's Individual Practices in Civil Cases.  If the motion to file under seal, or in redacted form, a document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the motion.

14.     <u>Objecting to Designations</u>:  At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. The parties shall confer in good faith regarding such objection in an effort to obtain a prompt resolution to prevent interference with the proceeding.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection, with the designating party having the burden of proof that the Confidential Information designation is proper. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

Notwithstanding anything in this Order, the parties agree that they will not object to the designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of (1) documents

relating to the actual or contemplated drafting, editing, or publication of articles, fascicles or volumes for the *Encyclopaedia Iranica* after April 1, 2019, including, but not limited to, any internal and external communications relating to the same; or (2) documents that identify potential or actual donors who provided donations on or after June 30, 2017.

15.     Unauthorized Disclosure:  All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action.  Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must, upon learning of the disclosure, promptly bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16.     Post-Production Designation:   If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order.   The receiving party must treat the materials as Confidential Information under the terms of this Protective Order, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently

produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

17.     Privileged Documents:  Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.     Providing Advice:  Nothing in this Protective Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19.     No Admission of Relevance:  This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Protective Order must not be used by any party as a basis for discovery that is otherwise improper under the Minnesota Rules of Civil Procedure.

20.     Disclosure Required by Law:  Nothing within this Protective Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21.     Final Disposition of Confidential Information:  Upon final termination of this action, including any and all appeals, counsel for each party must destroy all Confidential Information produced in this litigation, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate

Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

22.     Non-Party's Confidential Information Sought to be Produced:  The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

23.     Public Information:  The restrictions and obligations set forth within this Protective Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Protective Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.

24.     Disclosure to Legitimate Recipients:  The restrictions and obligations within this Protective Order will not be deemed to prohibit discussions or sharing of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

25.     <u>Notice</u>:  Transmission by email is acceptable for notification purposes within this Protective Order.

26.     <u>Subsequent Modification by the Parties</u>:  This Protective Order may be modified by agreement of the parties, subject to approval by the Court.

27.     <u>Subsequent Modification by the Court</u>:  The Court many modify the Protective Order in the interests of justice or for public policy reasons on its own initiative.

Without a separate court order, this Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

**SO STIPULATED.**

For Encyclopaedia Iranica
Foundation, Inc.

Signed:  s/ Scott B. Klugman

Name:   Scott B. Klugman

Dated:  1/26/22

For Columbia and Elton Daniel:

Signed:  s/ Andrew W. Schilling

Name:   Andrew W. Schilling

Dated:  1/26/22

For Koninklijke Brill N.V:

Signed:  s/ Sigmund J. Roos

Name:   Sigmund J. Roos

Dated:  1/26/22

SO ORDERED.

Dated: New York, New York
       February 9, 2022

HON. JENNIFER E. WILLIS
United States Magistrate Judge

## EXHIBIT A:  AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information supplied in connection with the proceedings *The Trustees of Columbia University in the City of New York v. Encyclopaedia Iranica Foundation, Inc.*, Case No.  19. Civ. 7465 (S.D.N.Y), and *The Encyclopaedia Iranica Foundation v. The Trustees of Columbia University in the City of New York, et al.*, Case No. 19. Civ. 8562 (S.D.N.Y.) (the "Proceedings").  I certify that I understand that the Confidential Information is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in these Proceedings.  I have been given a copy of the Stipulated Protective Order, I have read it, and I agree to be bound by its terms.

I understand that Confidential Information, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order.  I will not copy or use, except solely for the purposes of these Proceedings, any Confidential Information obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceedings.

I further understand that I am to retain all copies of all Confidential Information provided to me in the Proceedings in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in these Proceedings, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:                                                          BY:      _____
                                                                              Signature

                                                                              Title

                                                                              Address

                                                                              City, State, Zip

                                                                              Telephone Number

14