**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, | |
| *Plaintiff,* | No. 19-cv-07465 (AT) (JW) |
| v. | |
| ENCYCLOPAEDIA IRANICA FOUNDATION, INC., | |
| *Defendant.* | |

## ANSWER OF DEFENDANT ENCYCLOPAEDIA IRANICA FOUNDATION

Defendant Encyclopaedia Iranica Foundation ("Defendant" or "EIF"), by and through its attorneys, Levine Lee LLP, hereby answers and responds to Plaintiff The Trustees of Columbia University in the City of New York's ("Plaintiff" or "Columbia") Second Amended Complaint, ECF No. 141 (the "Complaint"). All responses herein are based on information known to EIF as of the date hereof, and EIF reserves its right to supplement or amend it responses based on new information. EIF is not required to respond to the headings set forth in the Complaint because they are not factual allegations. To the extent a response is required, EIF denies the averments in the headings. Any allegation not expressly admitted is denied.

EIF answers the numbered paragraphs in the Complaint as follows:

1.      The allegations in paragraph 1 consist of Columbia's characterization of its purported claims, to which no response is required. Further, to the extent paragraph 1 purports to state legal conclusions, no response is required. To the extent a response is required, EIF denies the allegations in paragraph 1, except admits that the *Encyclopaedia Iranica* (the "Encyclopaedia")

is a highly regarded scholarly resource of Persian and Iranian history and that EIF is a small nonprofit that was incorporated in 1990.

2.      The allegations in paragraph 2 consist of Columbia's characterization of its purported claims, to which no response is required.  Further, to the extent paragraph 2 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 2.

3.      Paragraph 3 consists of legal conclusions to which no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 3.

4.      Paragraph 4 consists of legal conclusions to which no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 4, except admits that it is a not-for-profit corporation organized under the laws of the state of New York and has its principal office in the Southern District of New York.

5.      EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      EIF admits that it is a not-for-profit corporation organized and existing under the laws of the State of New York and has its principal office in the Southern District of New York.

7.      EIF admits Professor Ehsan Yarshater ("Yarshater") was a historian; that, in or about 1958, Yarshater became a visiting professor of Indo-Iranian at Columbia University; that Yarshater served as the Kevorkian Chair of Iranian Studies from approximately 1961 until his retirement from that position in 1990, at which time he was granted the title of Professor Emeritus and served as a special lecturer until 2002; and that Yarshater died in 2018.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.     EIF admits that Professor Yarshater served as the Director of the Center for Iranian Studies (the "Center") from approximately the 1960s until 2016.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     EIF denies the allegations in paragraph 11.

12.     EIF admits that Yarshater worked on a Persian translation of the *Encyclopaedia of Islam* and that the *Encyclopaedia of Islam* is a precursor to the Encyclopaedia.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     EIF admits that Yarshater worked on the Encyclopaedia; that the Encyclopaedia is an ongoing and scholarly resource on Persian and Iranian history; and that the Encyclopaedia is internationally regarded as the most comprehensive account of several millennia of Iranian history, language, and culture in the Middle East, the Indian subcontinent, and Central Asia.  EIF otherwise denies the allegations in paragraph 13.

14.     EIF admits that the first fascicle of the Encyclopaedia was published in or about 1982.  EIF respectfully refers the Court to the U.S. Copyright Office copyright registrations for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 14.

15.     EIF admits that the Encyclopaedia has been published since 1982.

16.     EIF respectfully refers the Court to the fascicles and volumes of the Encyclopaedia for their accurate and complete contents, and denies any characterization that is inconsistent with their contents.  EIF admits that the cover of each Encyclopaedia fascicle and volume has borne the name "ENCYCLOPAEDIA IRANICA" and a distinctive fleur-de-lis design mark, and that sixteen volumes containing over 100 fascicles of the Encyclopaedia have been published.  EIF otherwise denies the allegations in paragraph 16.

17.     EIF respectfully refers the Court to the fascicles and volumes of the Encyclopaedia for their accurate and complete contents, and denies any characterization that is inconsistent with their contents.  EIF otherwise denies the allegations in paragraph 17.

18.     To the extent paragraph 18 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 18.

19.     EIF respectfully refers the Court to Columbia's "Copyright Policy" for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     EIF admits that Yarshater served as Director of the Center from approximately the 1960s until 2016; that Yarshater served as the Editor of the Encyclopaedia from its inception until approximately 2017; and that Yarshater served as the Chair of Iranian Studies from approximately 1961 until 1990, at which time he was granted the title of Professor Emeritus.  EIF otherwise denies the allegations in paragraph 21.

22.     EIF admits that Yarshater continued to serve as Editor of the Encyclopaedia after 1989 and that, in 1990, he was granted the title of Professor Emeritus.  EIF otherwise denies the allegations in paragraph 22.

23.     EIF respectfully refers the Court to Columbia's "Faculty Handbook" for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 23.

24.     EIF denies the allegations in paragraph 24, except denies knowledge or information sufficient to form a belief as to Columbia's ownership of the building in which Yarshater worked.

25.     To the extent paragraph 25 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 25.

26.     To the extent paragraph 26 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 26.

27.     EIF respectfully refers the Court to the incorporation documents of the Persian Heritage Foundation ("PHF") for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     EIF respectfully refers the Court to the incorporation and dissolution documents for Bibliotheca Persica Press, Inc. ("BPP") for their accurate and complete contents, and denies any

characterization that is inconsistent with their terms.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     EIF admits that the National Endowment for the Humanities ("NEH") has provided financial support to the Encyclopaedia from approximately 1979 to 2016.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     EIF admits that NEH grants were used to fund costs in connection with the Encyclopaedia.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     EIF respectfully refers the Court to the NEH grant applicants for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 33.

34.     EIF denies the allegations in paragraph 34.

35.     EIF respectfully refers the Court to its incorporation documents for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF further admits that it was founded in 1990 and that Yarshater served as EIF's President from its establishment until his death on September 2, 2018.  EIF otherwise denies the allegations in paragraph 35.

36.     EIF respectfully refers the Court to its incorporation documents for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 36.

37.     EIF respectfully refers the Court to its Certificate of Incorporation for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 37.

38.     EIF admits that it donated millions of dollars to Columbia.  EIF otherwise denies the allegations in paragraph 38.

39.     EIF denies the allegations in paragraph 39.

40.     EIF respectfully refers the Court to the 2008 Annual Report for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 40.

41.     EIF respectfully refers the Court to the 2008 Annual Report for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 41.

42.     EIF respectfully refers the Court to its public filings with the IRS and the New York Attorney General for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 42, except admits that it maintains an endowment fund.

43.     EIF denies the allegations in paragraph 41, except admits that Yarshater served as EIF's President and Director of the Center.

44.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     EIF respectfully refers the Court to Yarshater's correspondence with the NEH for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 45.

46.     EIF respectfully refers the Court to Columbia's "Copyright Policy" for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.   EIF otherwise denies the allegations in paragraph 46.

47.     EIF denies the allegations in paragraph 47.

48.     EIF denies the allegations in paragraph 48.

49.     EIF denies the allegations in paragraph 49.

50.     EIF denies the allegations in paragraph 50.

51.     EIF denies the allegations in paragraph 51.

52.     EIF denies the allegations in paragraph 52.

53.     EIF denies the allegations in paragraph 53.

54.     EIF respectfully refers the Court to the copyright assignment forms for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 54.

55.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     EIF respectfully refers the Court to the copyright assignment forms for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF otherwise denies the allegations in paragraph 56.

57.     EIF denies the allegations in paragraph 57.

58.     EIF denies the allegations in paragraph 58.

59.     To the extent paragraph 59 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 59.

60.     EIF admits that Elton Daniel ("Daniel") served as an Associate Editor of the Encyclopaedia from approximately 1997 to 2001.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     EIF respectfully refers the Court to Daniel's appointment letter for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     EIF respectfully refers the Court to Yarshater's December 16, 2016 email to Daniel for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, except admits that Yarshater supported Daniel's appointment as the Interim Director of the Center.

63.     EIF admits that it donated millions of dollars to Columbia.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.     EIF respectfully refers the Court to its emails with Daniel in 2017 for their accurate and complete contents, and denies any characterization that is inconsistent with their contents.  EIF otherwise denies the allegations in paragraph 64.

65.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.     EIF denies the allegations in paragraph 66.

67.     EIF respectfully refers the Court to Yarshater's letter referred to in paragraph 67 for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 67.

68.     EIF denies the allegations in paragraph 68, except admits that Columbia sent it a proposed gift agreement, and EIF refers the Court to the proposed gift agreement for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.

69.     EIF denies the allegations in paragraph 69, except admits that it did not sign the proposed gift agreement that Columbia sent it.

70.     EIF denies the allegations in paragraph 70.

71.     EIF denies the allegations in paragraph 71.

72.     EIF denies the allegations in paragraph 72, except admits that it did not provide donations to Columbia after June 2017.

73.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 73.  EIF denies the allegations in second and third sentences of paragraph 73, except admits that it maintains an endowment fund.

74.     EIF denies the allegations in paragraph 74.

75.     EIF denies the allegations in paragraph 75, except admits that it applied for and received approval from the United States Patent and Trademark Office ("PTO") for the registration of the "ENCYCLOPAEDIA IRANICA" mark in approximately 2018.

76.     To the extent paragraph 76 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF respectfully refers the Court to its application to the PTO for its accurate and complete contents, and denies any characterization that is inconsistent with its terms.  EIF otherwise denies the allegations in paragraph 76.

77.   EIF denies the allegations in paragraph 77, except admits that the PTO registered the "ENCYCLOPAEDIA IRANICA" mark to it effective October 8, 2019, with Registration No. 5,877,427.

78.   EIF respectfully refers the Court to Columbia's petition for cancellation for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 78.

79.   To the extent paragraph 79 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 79.

80.   EIF admits that Columbia's petition for cancellation has been stayed pending resolution of the civil actions between Columbia and EIF before this Court.

81.   EIF denies the allegations in paragraph 81, except admits that it applied for and received approval from the PTO for the registration of the "ENCYCLOPAEDIA IRANICA FOUNDATION" mark in approximately 2018.

82.   To the extent paragraph 82 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 82.

83.   To the extent paragraph 83 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 83.

84.   EIF denies the allegations in paragraph 84, except admits that the PTO registered the "ENCYCLOPAEDIA IRANICA FOUNDATION" trademark to it effective November 26, 2019, with Registration No. 5,921,137.

85.   EIF respectfully refers the Court to Columbia's petition for cancellation for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 85.

86.     EIF denies the allegations in paragraph 86.

87.     EIF denies the allegations in paragraph 87.

88.     EIF denies the allegations in paragraph 88.

89.     EIF denies the allegations in paragraph 89, except admits that Electric Pulp improperly granted Columbia administrative-level access to iranicaonline.org (the "Website") in approximately February 2019.

90.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     EIF admits that Electric Pulp improperly granted Columbia administrative-level access to the Website Columbia during a period of time in 2019.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     EIF admits that Electric Pulp took away the administrative-level access that it had improperly given to Columbia in 2019.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.     EIF admits that it owns the domain for the Website.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     To the extent paragraph 97 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     EIF admits that the Encyclopaedia is available on the Website.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    EIF respectfully refers the Court to the U.S. Copyright Office copyright registrations for their accurate and complete contents, and denies any characterization that is inconsistent with their terms.  EIF denies that Columbia owns any copyright registrations in the Encyclopaedia.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    EIF denies the allegations in paragraph 101.

102.    EIF denies the allegations in paragraph 102.

103.    EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    To the extent paragraph 104 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 104, except admits that the Encyclopaedia is available on the Website.

105.    To the extent paragraph 105 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 105, except admits that Columbia created counterfeit websites that contained portions of the Encyclopaedia.

106.    EIF denies the allegations in paragraph 106.

107.    EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except admits that, in or around 2018, Columbia contracted with Koninklijke Brill NV ("Brill") to publish and distribute counterfeit Encyclopaedia publications and to create a counterfeit website.

108.    EIF respectfully refers the Court to its February 23, 2018 letter to Brill for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 108.

109.    EIF respectfully refers the Court to its April 1, 2019 letter to Brill for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 109.

110.    EIF respectfully refers the Court to the Complaint in the matter styled *Encyclopaedia Iranica Foundation, Inc. v. The Trustees of Columbia University in the City of New York, et al.*, 19 Civ. 8562 (S.D.N.Y.) (AT) for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.

111.    To the extent paragraph 111 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 111.

112.    EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, except admits that Columbia induced Clarivate to breach its contract with EIF by causing Clarivate to change the name of the party on EIF's contract with Clarivate from EIF to Columbia and to impermissibly suspend EIF's access to its property.

113.    EIF denies the allegations in paragraph 113.

114.    To the extent paragraph 114 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 114.

115.    EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, except denies that any of the ScholarOne files belonged to Columbia.

116.    EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.    To the extent paragraph 117 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.    EIF denies the allegations in paragraph 118.

119.    EIF respectfully refers the Court to Encyclopaedia Volume XVI and EIF's copyright registration for that publication for their accurate and complete contents, and denies any characterization that is inconsistent with their content.  EIF otherwise denies the allegations in paragraph 119, except admits that it published Encyclopaedia Volume XVI on or about July 31, 2020, that EIF did not need the consent of Columbia to do so, and that EIF registered a copyright for this publication with the U.S. Copyright Office.

120.    To the extent paragraph 120 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 120.

121.    To the extent paragraph 121 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 121.

122.    To the extent paragraph 122 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 122.

123.    To the extent paragraph 123 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 123.

124.    To the extent paragraph 124 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 124.

125.    EIF denies the allegations in the first sentence of paragraph 125.  EIF denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 125.

126.    To the extent paragraph 126 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 126.

127.    To the extent paragraph 127 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 127.

128.    To the extent paragraph 128 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF respectfully refers the Court to the July 31, 2020 press release for its accurate and complete contents, and denies any characterization that is inconsistent with its contents.  EIF otherwise denies the allegations in paragraph 128.

129.    EIF admits that in or about October 2020, Columbia caused Brill to publish a counterfeit publication that it marketed as Encyclopaedia Volume XVI, Fascicle 6.  EIF otherwise denies the allegations in paragraph 129.

130.    EIF admits that the articles comprising the volumes of the Encyclopaedia are initially published in fascicles and that, once a sufficient number of fascicles are published, those articles are bound in volumes.  EIF otherwise denies the allegations in paragraph 130.

131.    EIF admits that in or around July 2021, Columbia caused Brill to publish a counterfeit publication that it marketed as Volume XVI of the Encyclopaedia.  EIF otherwise

denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.    To the extent paragraph 132 purports to state a legal conclusion, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 132.

133.    With respect to the allegations contained in paragraph 133, EIF restates and realleges its responses to paragraphs 1 through 132 above.

134.    To the extent paragraph 134 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 134.

135.    To the extent paragraph 135 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 135.

136.    To the extent paragraph 136 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that it is the owner of copyright in the Encyclopaedia.

137.    To the extent paragraph 137 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 137.

138.    To the extent paragraph 138 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 138.

139.    To the extent paragraph 139 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 139.

140.    With respect to the allegations contained in paragraph 140, EIF restates and realleges its responses to paragraphs 1 through 139 above.

141.    To the extent paragraph 141 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 141.

142.    To the extent paragraph 142 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 142.

143.    To the extent paragraph 143 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that it is the owner of exclusive trademark rights in the "ENCYCLOPAEDIA IRANICA" and fleur-de-lis design marks, and has demanded that Columbia cease and desist from making use of its marks.

144.    To the extent paragraph 144 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 144.

145.    To the extent paragraph 145 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 145.

146.    To the extent paragraph 146 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 146.

147.    To the extent paragraph 147 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 147.

148.    With respect to the allegations contained in paragraph 148, EIF restates and realleges its responses to paragraphs 1 through 147 above.

149.    To the extent paragraph 149 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 149.

150.    To the extent paragraph 150 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 150.

151.    To the extent paragraph 151 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 151.

152.    To the extent paragraph 152 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 152.

153.    To the extent paragraph 153 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 153.

154.    To the extent paragraph 154 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 154.

155.    To the extent paragraph 155 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 155.

156.    With respect to the allegations contained in paragraph 156, EIF restates and realleges its responses to paragraphs 1 through 155 above.

157.    To the extent paragraph 157 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that Electric Pulp took away the administrative-level access that it had improperly given to Columbia in 2019.  EIF otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.    To the extent paragraph 158 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that the Encyclopaedia is publicly available on the Website and that EIF does not need the consent of Columbia to do so.

159.    To the extent paragraph 159 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that the Encyclopaedia is publicly available on the Website and that EIF does not need the consent of Columbia to do so.

160.    To the extent paragraph 160 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 160.

161.   To the extent paragraph 161 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 161.

162.   With respect to the allegations contained in paragraph 162, EIF restates and realleges its responses to paragraphs 1 through 161 above.

163.   EIF denies the allegations in paragraph 163, except admits that it published Encyclopaedia Volume XVI on or about July 31, 2020 and that EIF did not need the consent of Columbia to do so.

164.   To the extent paragraph 164 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 164, except admits that it published Encyclopaedia Volume XVI and that EIF did not need the consent of Columbia to do so.

165.   To the extent paragraph 165 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 165.

166.   To the extent paragraph 166 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 166.

167.   With respect to the allegations contained in paragraph 167, EIF restates and realleges its responses to paragraphs 1 through 166 above.

168.   To the extent paragraph 168 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 168.

169.   To the extent paragraph 169 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 169.

170.   To the extent paragraph 170 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF admits that its marks are inherently distinctive and/or have acquired distinctiveness.

171.   To the extent paragraph 171 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 171.

172.   To the extent paragraph 172 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 172.

173.   With respect to the allegations contained in paragraph 173, EIF restates and realleges its responses to paragraphs 1 through 172 above.

174.   To the extent paragraph 174 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 174.

175.   To the extent paragraph 175 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 175.

176.   To the extent paragraph 176 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 176.

177.   To the extent paragraph 177 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 177, except admits that it has published Encyclopaedia Volume XVI and that the Encyclopaedia is publicly available on the Website.

178.   To the extent paragraph 178 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 178.

179.   To the extent paragraph 179 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 179.

180.     To the extent paragraph 180 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 180.

181.     With respect to the allegations contained in paragraph 181, EIF restates and realleges its responses to paragraphs 1 through 180 above.

182.     To the extent paragraph 182 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 182.

183.     To the extent paragraph 183 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 183.

184.     To the extent paragraph 184 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 184.

185.     To the extent paragraph 185 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 185.

186.     To the extent paragraph 186 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 186.

187.     To the extent paragraph 187 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 187.

188.     To the extent paragraph 188 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 188.

189.     With respect to the allegations contained in paragraph 189, EIF restates and realleges its responses to paragraphs 1 through 188 above.

190.     To the extent paragraph 190 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 190.

191.    To the extent paragraph 191 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 191.

192.    To the extent paragraph 192 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 192.

193.    To the extent paragraph 193 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 193.

194.    With respect to the allegations contained in paragraph 194, EIF restates and realleges its responses to paragraphs 1 through 193 above.

195.    To the extent paragraph 195 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 195.

196.    To the extent paragraph 196 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 196.

197.    To the extent paragraph 197 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 197.

198.    To the extent paragraph 198 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 198.

199.    To the extent paragraph 199 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 199.

200.    With respect to the allegations contained in paragraph 200, EIF restates and realleges its responses to paragraphs 1 through 199 above.

201.    To the extent paragraph 201 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 201.

202.    To the extent paragraph 202 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 202.

203.    To the extent paragraph 203 purports to state legal conclusions, no response is required.  To the extent a response is required, EIF denies the allegations in paragraph 203.

## CONCLUSION AND PRAYER

Answering Columbia's prayer for relief, EIF denies that Columbia is entitled to any relief.

## AFFIRMATIVE DEFENSES

As separate and additional defenses, and without conceding that it bears the burden of proof, persuasion, or production as to any of these issues, EIF asserts and alleges the following, which apply to each and every cause of action in the Complaint against it to which such defense may be applicable.  EIF reserves the right to assert additional defenses that discovery indicates are proper.

### *FIRST DEFENSE*

The Complaint fails to state a cause of action upon which relief can be granted against EIF.

### *SECOND DEFENSE*

Columbia's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, or other limitations period.

### *THIRD DEFENSE*

Columbia's claims are barred, in whole or in part, to the extent Columbia seeks damages for alleged copyright infringement occurring more than three years before Columbia filed this action.

### *FOURTH DEFENSE*

Columbia's claims are barred, in whole or in part, by the doctrine of laches and/or its undue and unreasonable delay in bringing the claims.

24

### FIFTH DEFENSE

Columbia's claims are barred by the doctrine of unclean hands.

### SIXTH DEFENSE

Columbia's claims are barred by the doctrines of acquiescence, estoppel, express or implied waiver, in pari delicto, release, ratification, accord and satisfaction, and/or other related equitable doctrines.

### SEVENTH DEFENSE

Columbia's claims are barred because it has abandoned or forfeited any intellectual property rights that it owned.

### EIGHTH DEFENSE

Columbia lacks standing to assert any and all claims against EIF.

### NINTH DEFENSE

Columbia's claims are barred because it lacks valid copyright registrations for the intellectual property rights asserted, has not properly registered the works at issue and/or because its registrations should be invalidated for committing fraud on the copyright office.

### TENTH DEFENSE

Columbia is not the owner of any of the copyrights at issue.

### ELEVENTH DEFENSE

Columbia's claims for attorneys' fees and/or statutory damages are barred because it did not timely file any copyright registrations.

### *TWELFTH DEFENSE*

EIF's use of the trademarks and works at issues was done in good faith and with innocent intent at all times, without any belief that its acts constituted an infringement of anyone else's intellectual property rights.

### *THIRTEENTH DEFENSE*

Columbia's claims are barred because EIF's intellectual property rights in the trademarks and works at issue are superior to, and have priority over, any rights claimed by Columbia.

### *FOURTEENTH DEFENSE*

Columbia's claims are barred based on its fraudulent conduct.  Columbia's employees, including its officers and in-house attorneys, made or caused to be made multiple false and misleading statements and/or material omissions to EIF and its vendors and contractual counterparties for the purposes of obtaining money from EIF and to induce EIF's vendors and counterparties to wrongfully terminate their contracts and business relationship with EIF.

### *FIFTEENTH DEFENSE*

Columbia's claims are barred by the doctrines of copyright misuse and trademark misuse.

### *SIXTEENTH DEFENSE*

Columbia's claims are barred because Columbia has not suffered any injury, harm, or damages as a result of any action or inaction by EIF.

### *SEVENTEENTH DEFENSE*

Columbia's claims are barred in whole or in part by its failure to mitigate damages and/or injuries.

## *EIGHTEENTH DEFENSE*

EIF's alleged actions were not the actual or proximate cause of Columbia's alleged damages.

## *NINETEENTH DEFENSE*

Columbia's damages, if any, were caused solely by the conduct of others for which EIF is not responsible and are not the result of any conduct of EIF.

## *TWENTIETH DEFENSE*

Some or all of the damages sought by Columbia are not recoverable as a matter of law, including any special, incidental, consequential, exemplary, and/or speculative damages.

## *TWENTY-FIRST DEFENSE*

Recovery of some or all of the damages sought by Columbia would violate public policy.

## *TWENTY-SECOND DEFENSE*

Recovery of some or all of the statutory damages sought by Columbia for its claims of copyright infringement are barred as grossly excessive and running afoul of the Due Process Clause of the Constitution.

## *TWENTY-THIRD DEFENSE*

Columbia's claims are barred because EIF acted in good faith and without scienter at all times, and any and all actions taken by EIF were lawful, proper and consistent with its duties and obligations.

## *TWENTY-FOURTH DEFENSE*

Columbia's claims are barred because granting the relief sought would unjustly enrich Columbia.

### *TWENTY-FIFTH DEFENSE*

Columbia's trademark infringement claims are barred because Columbia has misrepresented the course of the goods or services on or in connection with which the mark is used.

### <u>ADDITIONAL DEFENSES RESERVED</u>

EIF hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to amend its answer and to assert any additional defenses, crossclaims, counterclaims, and third-party claims as they become known or available.

WHEREFORE, EIF respectfully requests that the Court enter judgment as follows:

(i)      dismissing the Complaint with prejudice and entering judgment in favor of EIF;

(ii)     denying all relief requested by Columbia and granting EIF costs and expenses incurred in this action, and attorneys' fees as permitted by law, plus interest; and

(iii)    awarding EIF such other and further relief as this Court deems just and equitable.


Dated:  March 2, 2022                                    Respectfully submitted,

By: _s/ Scott B. Klugman_____
      Seth L. Levine
      Scott B. Klugman
      Ilana Roberts

**LEVINE LEE LLP**
5 Columbus Circle, 11th Floor
New York, New York 10019
Telephone:  (212) 223-4400
slevine@levinelee.com
sklugman@levinelee.com
iroberts@levinelee.com

*Attorneys for Defendant Encyclopaedia Iranica*
*Foundation, Inc.*