

Andrew W. Schilling
Partner
1133 Avenue of the Americas
Suite 3100
New York, NY  10036
T (212) 600-2330
aschilling@buckleyfirm.com

May 26, 2022

**By ECF**
Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:**   *Columbia University v. Encyclopaedia Iranica Foundation,* No. 19 Civ. 7465 (AT)(JW); *Encyclopaedia Iranica Foundation v. Columbia University*, No. 19 Civ. 8562 (AT)(JW)

Dear Judge Willis:

We represent Columbia University in the above-captioned actions and write in response to the May 23, 2022 letter submitted by Encyclopaedia Iranica Foundation ("EIF") requesting a pre-motion conference regarding three discovery issues.

By way of background (which EIF declined to provide the Court), this litigation centers on a dispute over the ownership of the trademark and copyrights associated with the *Encyclopaedia Iranica* (the "*Encyclopaedia*"), a renowned scholarly resource on Iranian history and culture that Columbia's Center for Iranian Studies (the "Center") has published continuously since 1982. Columbia Professor Ehsan Yarshater was the Director of the Center and the Editor-in-Chief of the *Encyclopaedia* at the time of its first publication and he remained in those positions until 2016. In 1990, Professor Yarshater formed EIF—a non-profit foundation created for the purpose of raising money to support the *Encyclopaedia*. In July 2020, EIF brought a motion for a preliminary injunction seeking to prevent Columbia from using the "*Encyclopaedia Iranica*" trademark, arguing that EIF owned the trademark to the *Encyclopaedia*. (ECF No. 76.) After an evidentiary hearing, the Court denied EIF's motion, finding that EIF had ***no likelihood of success on the merits*** of its trademark claim. (ECF No. 133) (copy attached as Exhibit A). Since the Court's ruling on EIF's preliminary injunction motion, the parties have been engaged in extensive document discovery. During the meet-and-confer process, Columbia agreed to extremely broad searches of both electronic and hard-copy materials. EIF now wants even more than the parties agreed to, and asks the Court to make three sweeping, unprecedented, and unwarranted discovery rulings. Its requests should all be denied.

**Inspection of Inventoried Materials**. First, EIF asks the Court to order Columbia either to produce or allow EIF to inspect ***each and every book and file located at the Center*** that Columbia determines is ***not responsive*** to EIF's discovery requests. The request is preposterous on its face and it should be denied. As an initial matter, EIF's request is premature. Document discovery in this action remains ongoing, with a deadline for completion of July 15, 2022. (ECF No. 170.) It will not be until that time, after Columbia has completed its document production, that EIF will even know which materials from the inventory have not been produced and whether

it believes it necessary to inspect those specific items. It would be unduly speculative for the Court to enter an order now allowing the future inspection of some currently unknown subset of these documents.

More fundamentally, however, EIF's request should be denied because it is unprecedented, unreasonable, intrusive, and unwarranted. It also runs contrary to the Court's inventory order. Early in this case, Judge Torres ordered the parties to engage a vendor to conduct an inventory of all materials at the Center for which ownership was disputed. (ECF No. 34.) Because EIF made the bald assertion that it owned ***everything*** at the Center, the inventory ultimately encompassed ***every item*** located at the Center – including every book and file from decades ago, and including files having nothing to do with EIF or the *Encyclopedia*. Notably, Judge Torres has already ruled that the inventory order does ***not*** require Columbia to turn over to EIF any materials on the inventory unless Columbia determines that they are owned by EIF, and that the order "merely calls for the creation of an inventory . . . to assist the parties in preparing the pleadings," (ECF No. 56 at 4), a stage we are now long past. Further, and obviously, Columbia has no obligation to open its offices to its adversary for "inspection."

EIF's purported basis for this request—*i.e.,* that Columbia "refused" to turn over EIF business records—is demonstrably false. As EIF well knows, Columbia has returned to EIF ***17 boxes*** of materials consisting of EIF's hard copy business records; it turned over a flash drive containing all of EIF's electronic business records; and it made available for EIF's review an additional ***19 boxes*** of materials collected from the Center, permitting EIF's counsel to take any EIF business records that it identified and then producing the remaining documents to EIF in discovery. Notably, EIF does not identify a single document or record that should have been returned but was not.

Finally, EIF's purported concern that Columbia has "mischaracterized" certain documents fails to provide any basis for an inspection of the Center. EIF's sole example of this is the fact that a nearly ***15-year old*** EIF check register (and a handful of even older check records) were buried at the bottom of a box of materials that Columbia returned to the Persian Heritage Foundation ("PHF")—a separate foundation created by Professor Yarshater on which EIF served a third-party subpoena. To facilitate its response to EIF's subpoena, PHF requested that Columbia return to it certain records it owned that it had stored at the Center. Although EIF requested an opportunity to inspect these materials before Columbia returned them, PHF (which owned the documents) refused to allow this inspection. Because the materials at issue appeared to belong exclusively to PHF, Columbia could not allow EIF to inspect them over PHF's objection; but we pointed out to EIF that it would suffer no prejudice because PHF would be producing to EIF anything relevant. And that is exactly what happened: EIF received from PHF in discovery its 15-year old check register.[1]

**Data Underlying Columbia's Preliminary Injunction Hearing Exhibits**. EIF also asks the Court to order the production of copies of entire Columbia databases from which data was used for exhibits at the preliminary injunction hearing in August 2020, claiming that it is entitled to these databases under Federal Rule of Evidence 1006. But Rule 1006 does not apply to these exhibits because they are business records, not summary exhibits. As courts have explained, a

---

[1] To provide greater context, the parties' communications on this issue are attached as Exhibit B.

business record "may include data stored electronically on computers and later printed out for presentation in court, so long as the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice." *Health All. Network, Inc. v. Cont'l Cas. Co.*, 245 F.R.D. 121, 129 (S.D.N.Y. 2007), *aff'd*, 294 F. App'x 680 (2d Cir. 2008). Indeed, courts have found that exhibits compiled from data retrieved from a database constitute business records—and not summary exhibits subject to Rule 1006—provided that the "database, not the printout from the database, was compiled in the ordinary course of business." *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043–44 (9th Cir. 2009) (quoting *Weinstein's Federal Evidence* § 901.08[1]). Here, the exhibits at issue are plainly business records, not summary exhibits. The exhibits were compiled from university-wide fundraising and personnel databases that the University maintains in the ordinary course of business. In any event, because Rule 1006 "governs the presentation of evidence during trial, [and] it ***is not a rule of discovery***. . . [t]he Rule does not require that production of the originals or copies of the underlying documents . . . occur prior to trial." *United States v. Williams*, 792 F. Supp. 1120, 1132 (S.D. Ind. 1992) (emphasis added).

**Documents Concerning Columbia's "Wall Street" Connections**. Finally, EIF's request that the Court compel Columbia to produce documents relating to Columbia's purported "connections" to "Wall Street Bankers" should be denied as frivolous, harassing, and irrelevant. At the PI hearing, Columbia made the thematic argument that there was substantial turnover on EIF's board from academics and scholars of Iranian history to non-academics (such as the Board Chair, who is in fact a banker). That Columbia (accurately) characterized EIF's current Board Chair as a "banker" ***and not an academic or a scholar*** does not somehow open the door to discovery requests regarding Columbia's "connections" to "Wall Street Bankers," whatever that means. Notably, EIF does not even try to explain how such documents would be remotely relevant to the parties' dispute regarding trademark or copyrights. Instead, these requests appear plainly calculated to harass and annoy Columbia, including its board of trustees, and Columbia should not be compelled to respond to them.

Finally, EIF's characterization of its discovery requests as "reciprocal" to those made by Columbia is once again simply false. Columbia never requested documents from EIF regarding EIF's connections with "Wall Street Bankers" or "high net worth individuals," which is what EIF now seeks from Columbia. Rather, Columbia served discovery requests on EIF that sought documents relating to the composition of EIF's board over time. Documents relating to EIF board members is plainly relevant to the issues in this case as they were fact witnesses to the underlying events. Columbia's board, in contrast, was not involved in the Center or the publication of the *Encyclopaedia*. Instead, they oversee an enormous research university with a multitude of academic divisions and programs. To the extent that Columbia's characterization at the PI hearing of EIF's current board offended those board members, EIF is free to make a motion in limine to prevent Columbia from using that same characterization at trial. But EIF is not entitled to discovery of plainly irrelevant facts.

Respectfully submitted,

*/s/ Andrew W. Schilling*
Andrew W. Schilling

cc:    Counsel of record (by ECF)